UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGELA PEREZ,

                    Plaintiff,

          -against-

INTERNAL REVENUE SERVICE,

                    Defendant.

26-CV-4004 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action against the Internal Revenue Service ("IRS") and seeks leave to proceed *in forma pauperis* ("IFP"). The Court grants Plaintiff leave to proceed IFP and dismisses the complaint without prejudice for the following reasons.

Plaintiff has filed numerous actions in this Court and previously filed a complaint against Defendant. *See Perez v. Internal Revenue Service*, No. 1:26-CV-3665 (LTS) (S.D.N.Y.) ("*IRS I*"). On May 8, 2026, the Court transferred *IRS I* to the United States District Court for the District of New Jersey and closed *IRS I* in the Southern District of New York. On May 12, 2026, the District of New Jersey acknowledged receipt of *IRS I*. This action, filed May 13, 2026, is nearly identical, alleging the same facts, raising the same claims, and seeking the same relief as *IRS I*; indeed, Plaintiff has included submissions from *IRS I* here.

Venue for Plaintiff's claims are governed by the general venue statute, 28 U.S.C. § 1391. Under Section 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "When considering whether a transfer would serve the interest of justice, [the court] must weigh 'the equities of dismissing a claim when it could be transferred.'" *Ruiz v. Mukasey*, 552 F.3d 269, 276 (2d Cir. 2009) (quoting *Liriano v. United States*, 95 F.3d 119, 122 (2d Cir. 1996)). The decision "whether to dismiss or transfer a case 'lies within the sound discretion of the district court.'" *Blakely v. Lew*, 607 F. App'x 15, 18 (2d Cir. 2015) (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993)). Further, it is not in the interest of justice to transfer a case where Plaintiff has disregarded the proper forum for the action. *See, e.g.*, *Morel v. Aids Ctr. of Queens Cnty., Inc.*, No. 23-CV-6018 (DLC), 2023 WL 8452402, at *2 (S.D.N.Y. Dec. 6, 2023) ("If 'allowing a transfer' would 'reward [a] plaintiff[ ] for [its] lack of diligence in choosing a proper forum,' transfer is 'not in the interest of justice.'" (quoting *Spar, Inc. v. Info. Res., Inc.*, 956 F.2d 392, 394 (2d Cir. 1992))).

Here, Plaintiff alleges no facts demonstrating that venue in this District is proper for her claims under Section 1391(b). She does not allege that any defendant resides in this District, that any events or omissions giving rise to any claim occurred in this District, that there is no other district in which this action may be brought, or that any Defendant is subject to personal jurisdiction in this District with respect to this action. Plaintiff's vague and conclusory allegations against Defendant are insufficient to satisfy the requirements of Section 1391(b)(2).

*See, e.g.*, *P.C. v. Driscoll*, No. 24-CV-2496 (LJL), 2025 WL 104522, at *6 (S.D.N.Y. Jan. 15, 2025) ("[G]eneral and conclusory allegations cannot support a finding of venue under 28 U.S.C. § 1391(b)."); *Doe #1 v. JetBlue Airways Corp.*, No. 19-CV-1542, 2020 WL 4605216, at *5 (E.D.N.Y. Aug. 11, 2020) (finding conclusory allegations insufficient to support venue in statutory venue context).

Venue for this action is also not proper in the Southern District of New York under 28 U.S.C. §§ 1346 and 1402. The first statute, Section 1346, confers district courts with original jurisdiction over civil actions against the United States "for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or . . . any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." 28 U.S.C. § 1346(a)(1). The next, Section 1402, requires civil actions brought under Section 1346(a) to be brought "in the judicial district where the plaintiff resides." 28 U.S.C. § 1402(a)(1). Here, as in *IRS I*, Plaintiff sued Defendant, raising the same claims; therefore, the proper venue for this action is the District of New Jersey—where Plaintiff resides—and not the Southern District of New York.

The Court therefore dismisses this complaint under 28 U.S.C. § 1406 as it was wrongly filed in the Southern District of New York, without prejudice to Plaintiff's pending case in the District of New Jersey.[1]

## CONCLUSION

The Court dismisses this action for improper venue, having found that transfer to a proper venue would not be in the interest of justice. *See* 28 U.S.C. § 1406. This action is dismissed without prejudice to the pending action in the District of New Jersey. The Court directs the Clerk of Court to terminate all pending motions in this action.

---

[1] *Perez v. Internal Revenue Service*, No. 2:26-cv-05319 (D.N.J.)

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a civil judgment in this action.

SO ORDERED.

Dated:    June 16, 2026
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge